FILED
MISSOULA, MT

2006 MAY 1 PM 4 54

PATRICK E. DUFFY
BY _____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| MITCHELL LEE WALCK, | ) | CV 05-41-H-DWM |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| MIKE MAHONEY, PAUL HULIN, TRICIA ROBLES, BRIAN DURKIN, | ) | |
| Defendants. | ) | |

United States Magistrate Judge Ostby entered Findings and Recommendations in this matter on September 13, 2005. Upon review of the Findings and Recommendation I concur with Judge Ostby.

Plaintiff Walck has applied to proceed *in forma pauperis* under 42 U.S.C. § 1983 (2000). Walck was convicted of assault and sentenced to ten years on May 17, 2002. Beginning in December 2002, Walck has previously filed pleadings six times

concerning the nature of his conviction in May 2002 (three claims under 42 U.S.C. § 1983 and three petitions for writs of habeas corpus). All of Walck's charges have contained the same or similar allegations with different defendants in an effort to overturn his assault conviction.

In her findings and recommendations, Judge Ostby found that Walck's application should be denied pursuant to 28 U.S.C. § 1915(g). I agree. The statute prevents prisoners, who are not in imminent danger of physical injury, from repeatedly bringing civil actions where they have already had civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted on three or more occasions. 28 U.S.C. § 1915(g). The Ninth Circuit has upheld this provision as constitutional. *Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999).

Three times I have dismissed Walck's claims for failure to state a claim on which relief may be granted. Despite repeated admonishments that Walck must first exhaust state judicial remedies, Walck has repeatedly persisted in filing claims in this court in contravention of *Heck v. Humphrey*. 512 U.S. 477 (1994). Therefore as Judge Ostby noted, Walck's actions place him within the provisions of 28 U.S.C. § 1915(g). Moreover, each time Walck

filed via 42 U.S.C. § 1983 I informed him that those cases counted against the statute.

Consequently, Walck is barred from proceeding *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). That is not the case here. Walck's allegations relate to access to religious services at the Montana State Prison. This allegation does not constitute the threat of "serious bodily injury" as mandated by the statute. Thus, Walck cannot proceed *in forma pauperis* but he may pursue the legal action only if he pays the original filing fee of $150.00 (since raised to $250.00).

Accordingly, IT IS HEREBY ORDERED that I adopt Judge Ostby's Findings and Recommendations in full (dkt #3). Plaintiff's application to proceed *in forma pauperis* is DENIED (dkt #1).

DATED this 1st day of May, 2006.

Donald W. Molloy, Chief Judge
United States District Court